UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANAIS JIMENEZ,**

**Plaintiff,**

vs.   Case No.:

**NESCO RESOURCE, LLC,** a **Foreign Liability Company**

**Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

This case is about discrimination on the basis of gender and pregnancy in violation of Title VII of the Civil Rights Act of 1964, the Pregnancy Discrimination Act and the Family Medical Leave Act. Plaintiff was also not paid in accordance with the Fair Labor Standards Act for hours worked over forty (40) per workweek. Plaintiff ANAIS JIMENEZ ("JIMENEZ" or "Plaintiff") performed her job at an exemplary level at the NESCO RESOURCE, LLC ("NESCO" or "Defendant") prior to being fired.

Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII") and the Pregnancy Discrimination Act of 1978 ("PDA") (which amended Title VII) and the Family Medical Leave Act. Defendant's pay method for Plaintiff also violated the Fair Labor Standards Act. As a result, the harms and losses suffered by Plaintiff entitle her to money damages and other available relief. For her Complaint, Plaintiff respectfully states:

## PARTIES

1. Plaintiff ANAIS JIMENEZ ("Plaintiff") is a citizen and resident of Pasco County, Florida. She is a former employee of Defendant.

2. Defendant NESCO RESOURCE, LLC is a Foreign Liability Company with its principle place of business in Pasco County, Florida.

## JURISDICTION AND VENUE

3. Plaintiff brings this action for damages and all available relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), and the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.*, the Family and Medical Leave Act of 1993 ("FMLA") and Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

4. This Court has jurisdiction under 28 U.S.C. §§ 1331, § 1367. Venue is proper under 28 U.S.C. § 1391. These claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all administrative prerequisites to perfect her claim. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), incorporated herein, attached hereto and marked as **Exhibit A**,

6. The EEOC issued a notice of right to sue attached hereto and marked as **Exhibit B**. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

## FACTS

7. Plaintiff began her employment with Defendant on or about February 2016.

8. Plaintiff worked as a Staffing Specialist.

9. Plaintiff was responsible for placing employees within the employment of Defendant's customers.

10. Plaintiff worked under the authority and supervision of Branch Manager Laura Pfifer (sp?).

11. Plaintiff was paid by the hour.

12. Plaintiff also received monthly commissions based on her job productivity.

13. Plaintiff was eligible for overtime pay.

14. Plaintiff received overtime pay when she worked more than forty (40) hours within a work week.

15. Plaintiff performed her job satisfactorily during her employment.

16. Plaintiff was praised for her job performance by peers and colleagues.

17. Plaintiff became pregnant on or about March 2017.

18. Plaintiff informed her employer that she was pregnant in April 2017.

19. Plaintiff informed her supervisor, Ms. Pfifer, that she was pregnant on or about April 2017.

20. When Plaintiff informed Ms. Pfifer of her pregnancy, Ms. Pfifer immediately reacted with disgust, disappointment and displeasure.

21. In fact, Ms. Pfifer told Plaintiff not to tell anyone at work unless she started to "show."

22. Ms. Pfifer started to cry.

23. Ms. Pfifer informed Plaintiff that Defendant wanted to open a Clearwater office location and it could not be done if Plaintiff was unavailable due to her pregnancy.

24. Plaintiff had no issues at work until she announced that she was pregnant.

25. As Plaintiff's due date approached in August 2017, Plaintiff discussed taking time off for her pregnancy.

26. Ms. Pfifer advised Plaintiff that she could only take a total of three (3) weeks of leave.

27. Soon after, Plaintiff was terminated on or about October 5, 2017.

28. Based on the conduct described in this Complaint, Defendant is liable for gender-based discrimination in violation of Title VII.

29. The unlawful employment practices complained of were done knowingly and intentionally, with malice and with reckless indifference to Plaintiffs statutory protected rights. These actions were committed as a direct result of Plaintiff's gender, pregnancy, and in retaliation for her complaining about discrimination regarding same.

30. As a direct and approximate result of Defendant's conduct described above, Plaintiff has been injured and suffered damages, including, but not limited to, loss of income and employment benefits, degradation, humiliation, mental anguish, loss of the

capacity for the enjoyment of life, inconvenience, loss of dignity, physical trauma, medical expenses, and other non-pecuniary and intangible injuries.

## CAUSES OF ACTION

### COUNT I – TITLE VII (INCLUDING PREGNANCY DISCRIMINATION ACT [DISCRIMINATION])

31. Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 30.

32. From the time Plaintiff reported her pregnancy to Defendant until the time she was discharged for opposing harassment/discrimination regarding same, Defendant engaged in discriminatory and retaliatory practices which resulted in Plaintiff being subjected to discrimination and retaliation in violation of her rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, including the Pregnancy Discrimination Act.

33. As a direct and approximate result of Defendant's conduct described above, Plaintiff has been injured and suffered damages, including, but not limited to, loss of income and employment benefits, degradation, humiliation, mental anguish, loss of the capacity for the enjoyment of life, inconvenience, loss of dignity, physical trauma, medical expenses, and other non-pecuniary and intangible injuries.

### COUNT II – INTERFERENCE UNDER THE FMLA

34. Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 30.

35. Plaintiff was an employee of NESCO for approximately 1.5 years and is a resident of Pasco County, Florida.

36. By the very nature of its work, NESCO is a corporation that is engaged in commerce.

37. NESCO is engaged in an industry affecting commerce.

38. NESCO employs more than 200 employees.

39. NESCO employs more than fifty (50) employees within 75 miles of its Pinellas Park, FL facility.

40. Plaintiff's pregnancy made her eligible for leave under the Family Medical Leave Act.

41. Plaintiff advised Defendant of her need for FMLA leave due to her pregnancy.

42. At no time prior to Plaintiff's termination did Defendant provide Plaintiff notice of her rights and obligations under the FMLA.

43. In fact, Plaintiff's supervisor, Ms. Pfifer, advised Plaintiff that she would only be eligible for three weeks' leave in total.

44. Ms. Pfifer's statement is/was contrary to her rights under the FMLA.

45. Ms. Pfifer's statement was an attempt to discourage Plaintiff from taking FMLA leave.

46. At no time prior to Plaintiff's termination did Defendant provide Plaintiff with information so that she could apply for FMLA.

47. NESCO did not provide reasonable notice to Plaintiff of her rights and obligations under the FMLA.

48. NESCO'S actions interfered with Plaintiff's rights under the FMLA.

49. Plaintiff was eligible for FMLA-covered leave after fifty-two (52) weeks of employment.

50. NESCO was Plaintiff's employer as defined by the FMLA.

51. NESCO acts and omissions constitute interference with Plaintiff's rights under the FMLA.

52. As a direct, natural, proximate and foreseeable result of the actions of NESCO, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

53. Plaintiff has no plain, adequate or complete remedy at law for the actions of NESCO, which have caused and continue to cause irreparable harm.

54. NESCO'S violations of the FMLA were willful.

55. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

## COUNT III – RETALIATION UNDER THE FMLA

56. Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 30.

57. Plaintiff was an employee of NESCO for approximately 1.5 years and is a resident of Pasco County, Florida.

58. By the very nature of its work, NESCO is a corporation that is engaged in commerce.

59. NESCO is engaged in an industry affecting commerce.

60. NESCO employs more than 200 employees.

61. NESCO employs more than fifty (50) employees within 75 miles of its Pinellas Park, FL facility.

62. Plaintiff's pregnancy made her eligible for leave under the Family Medical Leave Act.

63. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

64. NESCO was Plaintiff's employer as defined by the FMLA.

65. NESCO discriminated and/or retaliated against Plaintiff because NESCO knew she was eligible for leave under the FMLA.

66. NESCO discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA.

67. NESCO had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

68. NESCO'S acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

69. NESCO'S discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

70. NESCO'S conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

71. As a direct, natural, proximate and foreseeable result of the actions of NESCO, Plaintiff has suffered injuries for which she is entitled to compensation, including,

but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

72. Plaintiff has no plain, adequate or complete remedy at law for the actions of NESCO, which have caused and continue to cause irreparable harm.

73. NESCO'S violations of the FMLA were willful.

74. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

## COUNT IV – FAIR LABOR STANDARDS ACT

75. Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 30.

76. Plaintiff worked as a Staffing Specialist and was paid and hourly wage, plus commissions.

77. Plaintiff's hourly wage was $13.00 per hour. However, Plaintiff was not paid proper compensation for overtime hours worked.

78. Specifically, when Plaintiff worked more than forty (40) hours per week, no commissions were included in her regular rate of pay for overtime purposes.

79. Commissions (whether based on a percentage of total sales or of sales in excess of a specified amount, or on some other formula) are payments for hours worked and must be included in the regular rate of pay for overtime purposes. *See* 29 C.F.R. 778.117.

80. Because of this improper calculation, Plaintiff was not fully compensated for all hours worked beyond forty (40) per week.

81. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff is in the possession and custody of Defendants.

82. Defendants' failure and/or refusal to properly compensate Plaintiff at the rate and amount required by the FLSA were willful and/or done with reckless disregard.

83. At all material times relevant to this action (2015-2018), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

84. At all material times relevant to this action, Defendant made gross earnings of at least $500,000 annually.

85. At all material times relevant to this action, Defendant accepted payments from customers based on credit cards issued by out of state banks.

86. At all material times relevant to this action, Defendant routinely ordered materials or supplies from out of state. (e.g. maintenance supplies and equipment that previously moved through commerce, etc.).

87. At all material times relevant to this action, Defendant had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce (e.g. maintenance supplies and equipment that previously moved through commerce, etc.).

88. At all material times relevant to this action, Defendant used U.S. mail to send and receive letters to and from other states.

89. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant, for which no provisions were made by Defendant, to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

90. Based on the conduct described in this Complaint, Defendant is liable for discrimination in violation of the Fair Labor Standards Act.

91. Defendant's conduct constitutes unlawful disregard and indifference to Plaintiff.

92. Defendant's conduct harmed and caused damage to Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS FOR FLSA CLAIMS ONLY

93. Plaintiff and other Staffing Specialists are putative class members who have similar claims for unpaid overtime, as described above in paragraphs 75-92.

94. Plaintiff and the class members performed the same or similar job duties as one another in that they provided employment placement for clients of Defendant.

95. Plaintiff and the class members were paid an hourly wage plus commissions.

96. Plaintiff and the class members frequently worked more than forty (40) hours in a workweek during the last three years.

97. Plaintiff and the class members were not paid overtime wages at the proper rate of pay.

98. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

99. Defendant's failure to compensate employees properly for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that hourly employees were paid for all overtime hours worked based on the Defendant's failure to properly calculate the overtime rate.

100. This policy or practice was applicable to Plaintiff and the class members.

101. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather, the same policies or practices which resulted in the improper payment of overtime to Plaintiff apply to all class members.

102. Accordingly, the class members are properly defined as:

**All Staffing Specialists who were paid an hourly wage plus commissions and worked more than forty hours per week for Defendant within the state of Florida within the last three years.**

103. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and the class members.

104. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

105. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least time and one half the minimum wage for all hours worked over forty in a workweek

106. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## **RELIEF REQUESTED**

Plaintiff respectfully requests:

i. That the Court declare that Defendant violated the aforementioned causes of action;

ii. A jury trial and entry of judgment in Plaintiff's favor;

iii. Back pay;

iv. Front pay;

v. Compensatory damages;

vi. Liquidated damages;

vii. Attorney's fees and expenses;

viii. Prejudgment interests, and, if applicable, post-judgment interest;

ix. Conditional certification of a collective action;

x. Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which she may be entitled; and

xi. Plaintiffs ask for in excess of $250,000 in economic, compensatory, and punitive damages (subject to amendment based on discovery) or such amount awarded by a jury for the aforementioned harms to Plaintiff.

Dated this 27th day of September, 2018.

Respectfully submitted,

**/s/ CARLOS LEACH**
Carlos Leach, Esq.
FBN 0540021
The Leach Firm, P.A.
1950 Lee Rd., Suite 213
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Email: CLeach@theleachfirm.com
Trial Counsel for Plaintiff